IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC DAVID PROUDFOOT, Plaintiff, v. CAROLYN W. COLVIN, Acting Commissioner of Social Security, Defendant | ) | Civil Action No. 13-cv-07147 |

O R D E R

NOW, this 22nd day of January, 2016, upon consideration of the following documents:

(1) Decision of Administrative Law Judge Jon C. Lyons ("ALJ") dated July 3, 2013 and filed March 31, 2014;

(2) Complaint filed December 6, 2013;

(3) Answer filed February 24, 2014;

(4) Plaintiff's Brief and Statement of Issues in Support of Request for Review filed May 13, 2014;

(5) Defendant's Response to Request for Review of Plaintiff, which response was filed July 16, 2014;

(6) Plaintiff's Brief in Reply to Defendant's Brief in Response to Plaintiff's Request for Review, which plaintiff's brief was filed July 25, 2014;

(7) Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski dated and filed July 31, 2015 ("R&R");

(8) Plaintiff's Objections to the Magistrate's Report and Recommendations, which objections were filed August 5, 2015 ("Objections");

(9) Defendant's Response to Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge, which response was filed August 19, 2015;

(10) Plaintiff's Response to Defendant's Response to Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge, which plaintiff's response was filed August 28, 2015;

and after a thorough review of the record in this matter;[1] it appearing that plaintiff's Objections to Magistrate Judge Sitarski's Report and Recommendation are essentially a restatement of the issues raised in Plaintiff's Brief and Statement of Issues in Support of Request for Review; it appearing that Magistrate Judge Sitarski's Report and Recommendation correctly determined the legal and factual issues presented in this case,

IT IS ORDERED that Magistrate Judge Sitarski's Report and Recommendation is approved and adopted.[2]

---

[1] Plaintiff, Eric David Proudfoot, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), seeking review of the Commissioner of the Social Security Administration's decision denying his claim for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. 42 U.S.C. Chapter 7.

[2] The extent of review of a magistrate judge's Report and Recommendation is committed to the discretion of the district court. Jozefick v. Shalala, 854 F.Supp. 342, 347 (M.D.Pa. 1994). However, the district court must review de novo those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(c). The court may "accept, reject, or modify, in whole or in part, the magistrate's findings or recommendations." Brophy v. Halter, 153 F.Supp.2d 667, 669 (E.D.Pa. 2001) (Padova, J.); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.

Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Indeed, by

(Footnote 2 continued):

IT IS FURTHER ORDERED that the decision of the Commissioner of Social Security is affirmed.

IT IS FURTHER ORDERED that plaintiff's Objections to Magistrate Judge Sitarski's Report and Recommendation are overruled.[3]

---

(Continuation of footnote 2):

providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. I may accept, reject, or modify, in whole or in part, any of the findings or recommendations made by the magistrate judge. Id.

As more fully discussed below, I approve and adopt Magistrate Judge Sitarski's R&R and overrule plaintiff's objections to it.

[3] Plaintiff objects to four of Judge Sitarski's recommendations: (1) upholding the ALJ's findings although the ALJ ignored or rejected certain opinions of plaintiff's treating physicians: Dr. Charles Nelson, Dr. William C. Murphy, Dr. David Behar, and Dr. Todd Rice; (2) finding that remand is not necessary although the ALJ erred by not considering the impact of plaintiff's obesity throughout his analysis; (3) finding that remand is not necessary although the ALJ erred by failing to include plaintiff's postural limitations in the residual functional capacity ("RFC") determination; and (4) denying remand for consideration of new evidence.

Substantial evidence supports the ALJ's decision to discount Dr. Nelson's July 3, 2012 statement regarding plaintiff's knee pain. The July 3, 2012 statement was made shortly after knee surgery, and subsequent reports indicate significant improvement in plaintiff's knee pain. See Administrative Record ("Record") at pages 455, 485, 496. Plaintiff's argument that Dr. Nelson's subsequent reports suggest that plaintiff suffered from ankle pain, despite improvement in his knee, is not persuasive.

Judge Sitarski correctly found that the ALJ's failure to reference the November 9, 2012 Department of Public Welfare Employability Assessment Form ("Welfare Form") completed by Dr. Murphy does not require remand because review of this form would not have altered the ALJ's findings. The determinations of other governmental agencies, such as the Department of Public Welfare, are not binding on the Social Security Administration, which is tasked with the ultimate determination of whether a claimant is disabled. See 20 C.F.R. §§ 404.1504, 416.904, 404.1527(d)(1), 416.927(d)(1). In fact, forms submitted for the purpose of obtaining welfare benefits are "irrelevant to the decision of the ALJ." Cavaliero v. Astrue, No. 09-cv-00190, 2009 WL 1684435 at *7 (W.D.Pa June 16, 2009); see also Scott v. Colvin, No. 13-cv-00671, 2014 WL 3811023 (W.D.Pa. Aug. 1, 2014).

(Footnote 3 continued):

(Continuation of footnote 3):

Plaintiff argues that Dr. Murphy's treatment note for November 9, 2012, the same date appearing on the Welfare Form, provides support for Dr. Murphy's representation on the Welfare Form that plaintiff is permanently disabled. Plaintiff does not dispute that the ALJ considered the November 9, 2012 treatment note itself. See Record at page 22. Accordingly, the ALJ satisfied the regulatory requirement to "review all of the medical findings and other evidence that support a medical source's statement that [the claimant is] disabled." 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1).

Substantial evidence supports the ALJ's decision to accord no weight to the opinion of Dr. Behar. Plaintiff's treatment by Dr. Behar consisted of only three visits during a roughly five-week period from January 2013 to February 2013. Record at pages 551-563. Furthermore, the treatment notes are inconsistent with Dr. Behar's ultimate findings. Plaintiff contends that the ALJ should have considered the impact of his mental impairment on his other impairments, even if it was not severe. However, other than Dr. Behar's assessment, which was properly rejected, there is no other evidence to support plaintiff's claim that he suffered from a mental impairment during the relevant time period.

The ALJ rejected Dr. Rice's April 16, 2013 Treating Physician's Opinion Questionnaire ("Questionnaire") based on the determination that it overestimated plaintiff's limitations. Plaintiff challenges the evidence cited by the ALJ in reaching this finding. Upon review of the record, for the reasons stated by Judge Sitarski in the R&R, substantial evidence supports the ALJ's determination that Dr. Rice's Questionnaire overestimated plaintiff's limitations.

Plaintiff specifically overlooks the fact that the ALJ found that the record supported a finding that he "is able to able to ambulate without an assistive device *when not in an acute recovery period from knee or ankle surgery*, and is able to attend to his daily needs independently *when not in an acute recovery period from surgery*." Record at page 25 (emphasis added). Several of the documents cited by plaintiff in his Objections were generated shortly after surgery.

Judge Sitarski correctly found that remand is not necessary despite the ALJ's error of not considering the impact of obesity throughout his analysis. Remand is generally not necessary to consider the impact of obesity where, as here, there is no evidence that obesity worsened plaintiff's symptoms or contributed to his inability to work. See Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005); Suarez v. Astrue, 996 F.Supp.2d 327, 332 (E.D.Pa. 2013) (O'Neill, Senior J.); Thorne v. Colvin, No. 13-cv-02139, 2015 WL 3498642 at *6 (E.D.Pa. June 3, 2015) (Robreno, Senior J.).

Judge Sitarski correctly found that remand is not necessary despite the ALJ's error of not including postural limitations in the RFC. Plaintiff's specifically objects to Judge Sitarski's determination that plaintiff's postural limitations do not preclude him from performing the full range of light work on the basis that the ALJ erred by rejecting or discounting some of the opinions of Dr. Nelson and Dr. Rice. As discussed above, substantial evidence supports the ALJ's decisions regarding the appropriate

(Footnote 3 continued):

IT IS FURTHER ORDERED that judgment is entered in favor of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, and against plaintiff Eric David Proudfoot.

IT IS FURTHER ORDERED that the Clerk of Court shall close this case for statistical purposes.

BY THE COURT:

/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 3):

weight to accord these opinions.

Judge Sitarski correctly found that remand is not necessary for the consideration of new evidence. The new evidence, dating between March 23, 2013 and September 18, 2013, is not material because it does not have a reasonable probability of changing the outcome. See Matthew v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001). The evidence consists of post-operation recovery records and not, as plaintiff claims, evidence that he failed to recover from his April 22, 2013 surgery. The most recent record, from September 18, 2013, is classified as a "Post-op Follow-up Visit" and notes "a healing wound from surgical incision." Record at pages 576-577.

In addition, the evidence would not have changed the outcome because part of it post-dates the ALJ's decision. "An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." Szubak v. Secretary of Health and Human Services, 745 F.2d 831, 833 (3d Cir. 1984).

Furthermore, plaintiff provided no explanation for why documents dated prior to May 10, 2013, the date when the administrative record was closed, were not submitted previously. Record at page 13; see also Szubak, 745 F.2d at 833 (requiring "good cause for not having incorporated the new evidence into the administrative record").